UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DAVID J. BLEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-00134-RLY-TAB |
| | ) | |
| TRI-CAM INDUSTRIES, INC., | ) | |
| WAL-MART STORES, INC., | ) | |
| PRECISION PRODUCTS, INC., | ) | |
| GLEASON CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S AND WAL-MART'S MOTIONS**

This Court's local rules come in handy. As this case demonstrates, the rules can save lawyers and their clients time and money. The Court denies Plaintiff David Blevins's motion for sanctions and to compel discovery [Filing No. 95] for failure to comply with Local Rule 37-1, and denies Defendant Wal-Mart Stores, Inc.'s motion to strike [Filing No. 107] for failure to comply with Local Rule 7-1. In an effort to salvage something beneficial from the mutual effort expended on this matter, the Court offers some guidance regarding the Fed. R. Civ. P. 30(b)(6) deposition at issue.

Blevins filed a motion for sanctions and to compel discovery. [Filing No. 95.] However, Local Rule 37-1 provides:

> (a) Prior to involving the court in any discovery dispute, including disputes involving depositions, counsel must confer in a good faith attempt to resolve the dispute. If any such dispute cannot be resolved in this manner, counsel are encouraged to contact the chambers of the assigned Magistrate Judge to determine whether the Magistrate Judge is available to resolve the discovery dispute by way of a telephone conference or other proceeding prior to counsel filing a formal discovery motion. . . .
>
> (b) In the event that the discovery dispute is not resolved at the conference, counsel may file a motion to compel or other motion raising the dispute. Any motion raising a

discovery dispute must contain a statement setting forth the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties. The court may deny any motion raising a discovery dispute that does not contain such a statement.

The efforts to resolve the dispute are the most important showing a party must make under Rule 37-1(b), not merely the date, time, etcetera. *See Corre Opportunities Fund, LP v. Emmis Commc'ns Corp.*, No. 1:12-cv-0491-SEB-TAB, 2013 WL 1500461, at *1 (S.D. Ind. Apr. 10, 2013) ("Although Plaintiffs have set forth the dates, times, and parties to some of the communications . . ., no communications before the Court suggest that the parties conferred in a good faith attempt to resolve the dispute."). Further, the Court is expressly prohibited from granting motions for attorney's fees or sanctions "unless the movant's attorney files with the motion a statement showing that the attorney made reasonable efforts to confer with opposing counsel and resolve the matters raised in the motion." Local Rule 7-1(g).

Blevins's memorandum in support of his motion does not outline efforts to resolve the dispute. [*See generally* Filing No. 95-1.] In his reply, Blevins points to letters, emails, and a single phone call, which are insufficient under Rule 37-1. [Filing No. 115, at ECF pp. 1–3.] In an email, Wal-Mart's counsel describes the phone call as containing a discussion to schedule a meet-and-confer. [Filing No. 95-15, at ECF 1.] In a follow-up email, Blevins's counsel describes that same phone call as "our meet-and-confer." [Filing No. 95-16, at ECF p. 1.] On top of this discrepancy, nowhere in Blevins's motion is there a description of counsels' efforts, if any, to resolve the dispute during that call. Without some discussion of what transpired during the call, the Court has no basis to determine whether Blevins's counsel and Wal-Mart's counsel sought to resolve the dispute in good faith. *Corre Opportunities*, 2013 WL 1500461, at *2 ("While the Court suspects that the parties met and conferred . . . prior to [filing], there is insufficient evidence or explanation before the Court to reach such a conclusion."). Therefore,

Blevins's motion is denied, including his request for fees and costs in preparing and filing his motion.

One additional observation is in order. Blevins further argues that "any further meet and confer process, without some kind of Court intervention, would be futile." [Filing No. 115, at ECF p. 3.] To this point, the Court emphasizes the encouragement contained in Local Rule 37-1(a) for parties to informally involve the Court by contacting the Magistrate Judge and requesting a telephonic conference. The rule contemplates that parties will take advantage of the opportunity to efficiently resolve their disputes. Local Rule 37-1(b) ("In the event that the discovery dispute is not resolved *at the conference* . . .") (emphasis added). Moving forward, the best practice for ensuring full compliance with Local Rule 37-1 is simple: if good faith efforts to resolve the dispute fail, call the Magistrate Judge's chambers and request a discovery conference.

The Court now turns to Wal-Mart's motion to strike. [Filing No. 107.] Again, this Court's local rules, which have been ignored, guide the way. Local Rule 7-1(a), which requires motions to be filed separately, states: "A motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court." *Id.* Wal-Mart improperly inserted its motion to strike in its response to Blevins's motion to compel. Therefore, the Court denies Wal-Mart's motion to strike.

Despite the parties' respective failures to follow the local rules, the Court nonetheless has reviewed the substance of the dispute that led to these motions. The dispute involves a Rule 30(b)(6) deposition. Because a corporation cannot literally be deposed, Rule 30(b)(6) allows corporations to designate deponents to represent it. "The persons designated must testify about information known or reasonably available to the organization." *Id.* The parties cite to *E.E.O.C. v. Celadon Trucking Servs., Inc.*, No. 1:12-cv-275-SEB-TAB, 2013 WL 5915206 (S.D. Ind. Nov.

1, 2013), where the Court concluded that "Rule 30(b)(6) does not promise a perfect deponent, just a knowledgeable one under the circumstances." *Id.* at *1. On one hand, the designee must have made a good faith effort to find out relevant facts. *Id.* But on the other, the designee need not be able to answer every question asked. *Id.*

Blevins identifies basic questions that Wal-Mart's designee, Paul Heilman, was unable to answer. For example, despite Blevins's request for a deponent familiar with Wal-Mart's relationship with the other defendants, Heilman had "no knowledge of" FEMCO, Inc., one of the other defendants, and knew little about the other defendants. [Filing No. 115, at ECF pp. 4–5; Filing No. 95-13, at ECF pp. 12–13, 15–16, and 33.] Further, Wal-Mart included an affidavit in its response that addresses some of the questions to which Blevins sought answers in its 30(b)(6) deposition of Heilman. [Filing No. 115, at ECF p. 12; Filing No. 107-13.] The affidavit was from a different Wal-Mart employee, suggesting that Heilman was underprepared or the other employee should have also been designated. On the other hand, Blevins sought information from more than a decade ago. Blevins may have to accept that Wal-Mart simply does not have answers to some of his questions.

With this backdrop, the parties shall meet and confer to revisit the issue of a continued Rule 30(b)(6) deposition. Blevins's suggestion of having the Court appoint a Special Master goes too far. However, Wal-Mart should carefully consider at least sharing the costs of this deposition.

Date: 12/13/2017

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.