**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

| | |
|---|---|
| **DAVID J. BLEVENS** | Case No. 4:16-cv-00134-RLY-TAB |
| **Plaintiff,** | |
| **v.** | |
| **WAL-MART STORES, INC., et al.** | **JURY TRIAL DEMANDED** |
| **and** | |
| **WORLD FACTORY, INC.** | |
| Serve: **Daniel L. Lowery** | |
| **201 Main St., Suite 2500** | |
| **Fort Worth, Texas 75102** | |
| **Defendants.** | |

<u>**THIRD AMENDED COMPLAINT**</u>

Plaintiff David J. Blevens, through undersigned counsel, and for his Third Amended

Complaint against World Factory, Inc. ("Defendant World Factory"), Tricam Industries, Inc.

("Defendant Tricam"), Wal-Mart Stores, Inc. ("Defendant Wal-Mart"), Precision Products, Inc.

("Defendant Precision Products"), and Gleason Corporation ("Defendant Gleason") makes the

following allegations:

<u>**PARTIES, JURISDICTION, AND VENUE**</u>

1.      Plaintiff David J. Blevens is citizen and resident of the state of Indiana.

2.      Defendant World Factory is a corporation organized and existing under the laws

of the State of Texas with its principal place of business located in the State of Texas.

3.      At all relevant times Defendant World Factory designed, manufactured, sold,

distributed, or otherwise placed in the stream of commerce Lawn and Garden Carts and all of

their components, including the subject cart and its wheel and tire assembly at issue in this lawsuit.

4. Defendant World Factory is subject to personal jurisdiction in Indiana. Defendant is authorized to conduct business in Indiana, conducts substantial and continuing business in Indiana, derives substantial economic profits from Indiana, and committed the tortious act giving rise to this lawsuit in Indiana.

5. Defendant Tricam is incorporated in the state of Minnesota with its principal place of business located in the state of Minnesota.

6. At all relevant times Defendant Tricam designed, manufactured, sold, distributed, or otherwise placed in the stream of commerce Lawn and Garden Carts and all of their components, including the subject cart and its wheel and tire assembly at issue in this lawsuit.

7. Defendant Tricam is subject to personal jurisdiction in Indiana. Defendant is authorized to conduct business in Indiana, conducts substantial and continuing business in Indiana, derives substantial economic profits from Indiana, and committed the tortious act giving rise to this lawsuit in Indiana.

8. Defendant Wal-Mart is incorporated in the state of Delaware with its principal place of business located in the state of Arkansas.

9. At all relevant times Defendant Wal-Mart sold, distributed, or otherwise placed in the stream of commerce Lawn and Garden Carts, including the subject cart at issue in this lawsuit.

10. Defendant Wal-Mart is subject to personal jurisdiction in Indiana. Defendant is authorized to conduct business in Indiana, conducts substantial and continuing business in

Indiana, derives substantial economic profits from Indiana, and committed the tortious act giving rise to this lawsuit in Indiana.

11. Defendant Precision Products is incorporated in the state of Delaware with its principal place of business located in the state of Illinois.

12. At all relevant times Defendant Precision Products sold, distributed, or otherwise placed in the stream of commerce Lawn and Garden Carts, including the subject cart at issue in this lawsuit.

13. Defendant Precision Products is subject to personal jurisdiction in Indiana. Defendant is authorized to conduct business in Indiana, conducts substantial and continuing business in Indiana, derives substantial economic profits from Indiana, and committed the tortious act giving rise to this lawsuit in Indiana.

14. Defendant Gleason is incorporated in the state of Wisconsin with its principal place of business located in the state of California.

15. At all relevant times Defendant Gleason sold, distributed, or otherwise placed in the stream of commerce Lawn and Garden Carts, including the subject cart at issue in this lawsuit.

16. Defendant Gleason is subject to personal jurisdiction in Indiana. Defendant is authorized to conduct business in Indiana, conducts substantial and continuing business in Indiana, derives substantial economic profits from Indiana, and committed the tortious act giving rise to this lawsuit in Indiana.

17. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity and the amount in controversy exceeds $75,000.

18.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) in that Plaintiff was first injured by the wrongful acts and negligent conduct of Defendants in Indiana, and a substantial part of the events and omissions giving rise to the claim occurred within this judicial district.

## FACTUAL ALLEGATIONS

19.     On February 26, 2016, Plaintiff David J. Blevens was inflating a tire on the wheel assembly of the subject Lawn and Garden Cart.

20.     The subject Lawn and Garden Cart had been purchased from a Bedford, Indiana Wal-Mart in June of 2006 by the mother of Plaintiff's neighbor, and Plaintiff was borrowing the subject cart from his neighbor on the date of the incident.

21.     As he was inflating the tire, the wheel assembly suddenly and without warning explosively separated.

22.     The explosive separation of the wheel and tire assembly caused the wheel components to violently strike Plaintiff David J. Blevens in the head, brain, face, and neck. He has undergone numerous surgeries, and has required extensive rehabilitation and therapy. He will continue to require future medical treatment and will have lifelong complications as a result of these injuries.

## COUNT I
## PRODUCT LIABILITY
## DEFENDANT WORLD FACTORY

23.     Plaintiff incorporates the above allegations as though set forth herein.

24.     This claim is brought under the Indiana Product Liability Act.

25.     Defendant World Factory designed, manufactured, assembled, marketed, sold, supplied, distributed, or otherwise placed into the stream of commerce the subject Lawn and

Garden Cart, including the its wheel and tire assembly which is the subject of this lawsuit, in the normal course of business, in that:

    a. Defendant exercised control over the design, manufacture, assembly, construction, and quality of the subject Lawn and Garden Cart and its wheel and tire assembly along with all of its components;

    b. Defendant exercised control over the distribution and sale of the subject Lawn and Garden Cart and its wheel and tire assembly and all of its components.

26. At the time the subject Lawn and Garden Cart and its wheel and tire assembly and its components were sold and distributed by Defendant World Factory, the subject Lawn and Garden Cart and its wheel and tire assembly and its components were then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use in that:

    a. The subject wheel and tire assembly and its components were manufactured by Defendant in such a manner to allow them to be inadequately and improperly affixed to each other, thereby permitting the component parts to disengage from each other with great violence and force;

    b. The subject wheel and tire assembly and its components were manufactured by Defendant without any protective guard to prevent sudden, violent, and explosive separation of the components;

    c. The subject wheel and tire assembly and its components were manufactured, distributed, and/or sold by Defendant without testing as to the propensity of the bolts and other component parts of the wheel to fail unexpectedly;

d. The subject wheel and tire assembly and its components were manufactured by Defendant in such a manner as to rely solely on air pressure to hold the component pieces in position, thereby creating a dangerous pressurized vessel;

e. The subject wheel and tire assembly and its components were manufactured by Defendant in such a manner that they improperly interlocked with and adhered to one another, allowing for their sudden and explosive separation;

f. Such other defects as the evidence reveals.

27. At the time Defendant World Factory sold the subject Lawn and Garden Cart and its wheel and tire assembly, and prior to February 26, 2016, Defendant knew of the defective and unreasonably dangerous condition of the wheel, specifically knew of the significant dangers posed by the possibility of explosive separation of the subject wheel and tire assembly, even when it was being used for its intended purpose.

28. Despite knowledge of the hazards associated with the subject Lawn and Garden Cart and its wheel and tire assembly and the high probability that injury would occur, Defendant World Factory placed the subject Lawn and Garden Cart and its wheel and tire assembly into the stream of commerce.

29. At all relevant times, Plaintiff David J. Blevens was included in the class which Defendant World Factory should have reasonably foreseen as being subject to harm resulting from the defective condition.

30. At no time did Defendant World Factory issue a recall of the subject Lawn and Garden Cart or its wheel and tire assemblies they had designed, manufactured, distributed, and sold, although they knew of the propensity for the product to explosively separate, and were aware of the significant risks associated with such an explosion.

31.     At the time of his injuries, Plaintiff David J. Blevens was utilizing the subject Lawn and Garden Cart and its wheel and tire assembly in a manner reasonably anticipated by Defendant World Factory.

32.     Defendant's Lawn and Garden Cart and its wheel and tire assembly reached Plaintiff David J. Blevens without substantial alteration in its condition.

33.     At the time the subject Lawn and Garden Cart and its wheel and tire assembly left the Defendant's control there existed an alternative design that was capable of preventing Plaintiff's injuries.

34.     The likelihood that the defective design of the subject Lawn and Garden Cart and its wheel and tire assembly would cause injury and damage, and the gravity of such foreseeable injuries and damages, outweighed any potential burden on Defendant of adopting an alternative design, and any potential adverse effect of such alternative design on the utility of the product.

35.     The defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly was the direct and proximate cause of the explosive separation which injured Plaintiff David J. Blevens on February 26, 2016.

36.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David J. Blevens has become indebted for extensive reasonable and necessary medical care and treatment. He will continue to incur further medical expenses in the future.

37.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David Blevens' ability to labor and earn wages and income has been and will continue to be in the future lost, diminished, and/or impaired.

38.     The aforesaid misconduct of Defendant constituted a malicious, gross indifference and a willful, wanton and reckless disregard for the safety of the general public, including Plaintiff, thus justifying and requiring an award of punitive damages to be assessed against it in a sum that will deter it and others from such misconduct in the future.

WHEREFORE, Plaintiff David J. Blevens prays for judgment against Defendant World Factory for a fair and reasonable amount in excess of $75,000, for his costs herein incurred, for punitive damages, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II
## NEGLIGENCE
## <u>DEFENDANT WORLD FACTORY</u>

39.     Plaintiff incorporates the above allegations as though set forth herein.

40.     Defendant World Factory designed, manufactured, assembled, marketed, sold, supplied, distributed, or otherwise placed into the stream of commerce the subject Lawn and Garden Cart, including the its wheel and tire assembly which is the subject of this lawsuit, in the normal course of business.

41.     Defendant World Factory had a duty to exercise reasonable care in designing, manufacturing, marketing, supplying, selling, or otherwise distributing and placing into the stream of commerce the subject Lawn and Garden Cart and its wheel and tire assembly that is the subject of this lawsuit.

42.     Defendant World Factory had a duty to exercise reasonable care in providing adequate instructions for safe use of the subject Lawn and Garden Cart and its wheel and tire assembly as well as to provide warnings to consumers or users of potential hazards associated with the Lawn and Garden Cart.

43.     Defendant failed to exercise ordinary care, thereby breaching their duty to

Plaintiff David J. Blevens in one or more of the following ways:

a.  Defendant negligently and carelessly designed the wheel and tire assembly in such a way to allow the pieces to be inadequately affixed to one another, thereby allowing the components to disengage from each other with great force;

b.  Defendant negligently and carelessly designed the subject wheel and tire assembly without any type of guard to prevent sudden, violent, and explosive separation of its components;

c.  Defendant negligently and carelessly designed the subject wheel and tire assembly in that they relied solely on air pressure to hold the component pieces in position, thereby creating a dangerous pressurized vessel;

d.  Defendant negligently and carelessly sold, distributed, or otherwise placed into the stream of commerce the dangerously defective wheel and tire assembly for use by the general public;

e.  Defendant negligently and carelessly failed to conduct adequate testing to determine whether the wheel and tire assembly had the propensity to explosively separate during its normal course of use;

f.  Defendant negligently and carelessly failed to adequately warn users of the hazards of the wheel and tire assembly mounted on the Lawn and Garden Cart and the extreme danger the subject wheel posed to its users;

g.  Defendant negligently and carelessly failed to properly instruct or direct users on the proper use of the Lawn and Garden Cart and its wheel and tire assembly;

h. Defendant negligently and carelessly failed to recall the unreasonably dangerous defective wheel and tire assembly although they were aware of the hazards the wheel presented to consumers and to the general public;

i. Defendant negligently and carelessly failed to present or employ methods to avoid or mitigate risks to consumers, or to protect consumers in any way from the dangers presented by the subject wheel and tire assembly; and

j. Such further negligence as discovery may reveal.

44. At all relevant times, Defendant World Factory knew or should have known, by the use of ordinary care, of the above-mentioned dangerous conditions of the subject Lawn and Garden Cart and its wheel and tire assembly, and that death or serious bodily injury was substantially likely to occur. At all relevant times herein, Plaintiff did not know, and by using ordinary care, could not have known of such dangerous conditions.

45. Despite knowledge of the above described hazard associated with the subject Lawn and Garden Cart and its wheel and tire assembly and the substantial likelihood that the wheel and tire assembly would cause serious bodily harm or death, Defendant World Factory placed the subject Lawn and Garden Cart and its wheel and tire assembly into the stream of commerce.

46. At no time did Defendant World Factory issue a recall of the subject Lawn and Garden Cart or its wheel and tire assemblies they had designed, manufactured, distributed, and sold, although they knew of the propensity for the product to explosively separate, and were aware of the significant risks associated with such an explosion.

47.     At the time the subject wheel and tire assembly and its components left the Defendant's control there existed an alternative design that was capable of preventing Plaintiff's injuries.

48.     The likelihood that the defective design of the subject Lawn and Garden Cart and its wheel and tire assembly would cause injury and damage, and the gravity of such foreseeable injuries and damages, outweighed any potential burden on Defendant of adopting an alternative design, and any potential adverse effect of such alternative design on the utility of the product.

49.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David J. Blevens has become indebted for extensive reasonable and necessary medical care and treatment. He will continue to incur further medical expenses in the future.

50.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David J. Blevens' ability to labor and earn wages and income has been and will continue to be in the future lost, diminished, and/or impaired.

51.     The aforesaid misconduct of Defendant constituted a malicious, gross indifference and a willful, wanton and reckless disregard for the safety of the general public, including Plaintiff, thus justifying and requiring an award of punitive damages to be assessed against it in a sum that will deter it and others from such misconduct in the future.

WHEREFORE, Plaintiff David J. Blevens prays for judgment against Defendant World Factory for a fair and reasonable amount in excess of $75,000, for his costs herein incurred, for punitive damages, and for such other and further relief as this Court deems just and proper under the circumstances.

# COUNT III
## PRODUCT LIABILITY
### DEFENDANT TRICAM

52. Plaintiff incorporates the above allegations as though set forth herein.

53. This claim is brought under the Indiana Product Liability Act.

54. Defendant Tricam designed, manufactured, assembled, marketed, sold, supplied, distributed, or otherwise placed into the stream of commerce the subject Lawn and Garden Cart, including the its wheel and tire assembly which is the subject of this lawsuit, in the normal course of business, in that:

   a. Defendant exercised control over the design, manufacture, assembly, construction, and quality of the subject Lawn and Garden Cart and its wheel and tire assembly along with all of its components;

   b. Defendant exercised control over the distribution and sale of the subject Lawn and Garden Cart and its wheel and tire assembly and all of its components.

55. At the time the subject Lawn and Garden Cart and its wheel and tire assembly and its components were sold and distributed by Defendant Tricam, the subject Lawn and Garden Cart and its wheel and tire assembly and its components were then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use in that:

   a. The subject wheel and tire assembly and its components were manufactured by Defendant in such a manner to allow them to be inadequately and improperly affixed to each other, thereby permitting the component parts to disengage from each other with great violence and force;

b. The subject wheel and tire assembly and its components were manufactured by Defendant without any protective guard to prevent sudden, violent, and explosive separation of the components;

c. The subject wheel and tire assembly and its components were manufactured, distributed, and/or sold by Defendant without testing as to the propensity of the bolts and other component parts of the wheel to fail unexpectedly;

d. The subject wheel and tire assembly and its components were manufactured by Defendant in such a manner as to rely solely on air pressure to hold the component pieces in position, thereby creating a dangerous pressurized vessel;

e. The subject wheel and tire assembly and its components were manufactured by Defendant in such a manner that they improperly interlocked with and adhered to one another, allowing for their sudden and explosive separation;

f. Such other defects as the evidence reveals.

56. At the time Defendant Tricam sold the subject Lawn and Garden Cart and its wheel and tire assembly, and prior to February 26, 2016, Defendant knew of the defective and unreasonably dangerous condition of the wheel, specifically knew of the significant dangers posed by the possibility of explosive separation of the subject wheel and tire assembly, even when it was being used for its intended purpose.

57. Despite knowledge of the hazards associated with the subject Lawn and Garden Cart and its wheel and tire assembly and the high probability that injury would occur, Defendant Tricam placed the subject Lawn and Garden Cart and its wheel and tire assembly into the stream of commerce.

58.     At all relevant times, Plaintiff David J. Blevens was included in the class which Defendant Tricam should have reasonably foreseen as being subject to harm resulting from the defective condition.

59.     At no time did Defendant Tricam issue a recall of the subject Lawn and Garden Cart or its wheel and tire assemblies they had designed, manufactured, distributed, and sold, although they knew of the propensity for the product to explosively separate, and were aware of the significant risks associated with such an explosion.

60.     At the time of his injuries, Plaintiff David J. Blevens was utilizing the subject Lawn and Garden Cart and its wheel and tire assembly in a manner reasonably anticipated by Defendant Tricam.

61.     Defendant's Lawn and Garden Cart and its wheel and tire assembly reached Plaintiff David J. Blevens without substantial alteration in its condition.

62.     At the time the subject Lawn and Garden Cart and its wheel and tire assembly left the Defendant's control there existed an alternative design that was capable of preventing Plaintiff's injuries.

63.     The likelihood that the defective design of the subject Lawn and Garden Cart and its wheel and tire assembly would cause injury and damage, and the gravity of such foreseeable injuries and damages, outweighed any potential burden on Defendant of adopting an alternative design, and any potential adverse effect of such alternative design on the utility of the product.

64.     The defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly was the direct and proximate cause of the explosive separation which injured Plaintiff David J. Blevens on February 26, 2016.

65. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David J. Blevens has become indebted for extensive reasonable and necessary medical care and treatment. He will continue to incur further medical expenses in the future.

66. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David Blevens' ability to labor and earn wages and income has been and will continue to be in the future lost, diminished, and/or impaired.

67. The aforesaid misconduct of Defendant constituted a malicious, gross indifference and a willful, wanton and reckless disregard for the safety of the general public, including Plaintiff, thus justifying and requiring an award of punitive damages to be assessed against it in a sum that will deter it and others from such misconduct in the future.

WHEREFORE, Plaintiff David J. Blevens prays for judgment against Defendant Tricam for a fair and reasonable amount in excess of $75,000, for his costs herein incurred, for punitive damages, and for such other and further relief as this Court deems just and proper under the circumstances.

**COUNT IV**
**NEGLIGENCE**
**DEFENDANT TRICAM**

68. Plaintiff incorporates the above allegations as though set forth herein.

69. Defendant Tricam designed, manufactured, assembled, marketed, sold, supplied, distributed, or otherwise placed into the stream of commerce the subject Lawn and Garden Cart, including the its wheel and tire assembly which is the subject of this lawsuit, in the normal course of business.

70.     Defendant Tricam had a duty to exercise reasonable care in designing, manufacturing, marketing, supplying, selling, or otherwise distributing and placing into the stream of commerce the subject Lawn and Garden Cart and its wheel and tire assembly that is the subject of this lawsuit.

71.     Defendant Tricam had a duty to exercise reasonable care in providing adequate instructions for safe use of the subject Lawn and Garden Cart and its wheel and tire assembly as well as to provide warnings to consumers or users of potential hazards associated with the Lawn and Garden Cart.

72.     Defendant failed to exercise ordinary care, thereby breaching their duty to Plaintiff David J. Blevens in one or more of the following ways:

    a. Defendant negligently and carelessly designed the wheel and tire assembly in such a way to allow the pieces to be inadequately affixed to one another, thereby allowing the components to disengage from each other with great force;

    b. Defendant negligently and carelessly designed the subject wheel and tire assembly without any type of guard to prevent sudden, violent, and explosive separation of its components;

    c. Defendant negligently and carelessly designed the subject wheel and tire assembly in that they relied solely on air pressure to hold the component pieces in position, thereby creating a dangerous pressurized vessel;

    d. Defendant negligently and carelessly sold, distributed, or otherwise placed into the stream of commerce the dangerously defective wheel and tire assembly for use by the general public;

e.   Defendant negligently and carelessly failed to conduct adequate testing to determine whether the wheel and tire assembly had the propensity to explosively separate during its normal course of use;

f.   Defendant negligently and carelessly failed to adequately warn users of the hazards of the wheel and tire assembly mounted on the Lawn and Garden Cart and the extreme danger the subject wheel posed to its users;

g.   Defendant negligently and carelessly failed to properly instruct or direct users on the proper use of the Lawn and Garden Cart and its wheel and tire assembly;

h.   Defendant negligently and carelessly failed to recall the unreasonably dangerous defective wheel and tire assembly although they were aware of the hazards the wheel presented to consumers and to the general public;

i.   Defendant negligently and carelessly failed to present or employ methods to avoid or mitigate risks to consumers, or to protect consumers in any way from the dangers presented by the subject wheel and tire assembly; and

j.   Such further negligence as discovery may reveal.

73.   At all relevant times, Defendant Tricam knew or should have known, by the use of ordinary care, of the above-mentioned dangerous conditions of the subject Lawn and Garden Cart and its wheel and tire assembly, and that death or serious bodily injury was substantially likely to occur.  At all relevant times herein, Plaintiff did not know, and by using ordinary care, could not have known of such dangerous conditions.

74.   Despite knowledge of the above described hazard associated with the subject Lawn and Garden Cart and its wheel and tire assembly and the substantial likelihood that the

wheel and tire assembly would cause serious bodily harm or death, Defendant Tricam placed the subject Lawn and Garden Cart and its wheel and tire assembly into the stream of commerce.

75.     At no time did Defendant Tricam issue a recall of the subject Lawn and Garden Cart or its wheel and tire assemblies they had designed, manufactured, distributed, and sold, although they knew of the propensity for the product to explosively separate, and were aware of the significant risks associated with such an explosion.

76.     At the time the subject wheel and tire assembly and its components left the Defendant's control there existed an alternative design that was capable of preventing Plaintiff's injuries.

77.     The likelihood that the defective design of the subject Lawn and Garden Cart and its wheel and tire assembly would cause injury and damage, and the gravity of such foreseeable injuries and damages, outweighed any potential burden on Defendant of adopting an alternative design, and any potential adverse effect of such alternative design on the utility of the product.

78.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David J. Blevens has become indebted for extensive reasonable and necessary medical care and treatment. He will continue to incur further medical expenses in the future.

79.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David J. Blevens' ability to labor and earn wages and income has been and will continue to be in the future lost, diminished, and/or impaired.

80.     The aforesaid misconduct of Defendant constituted a malicious, gross indifference and a willful, wanton and reckless disregard for the safety of the general public, including

Plaintiff, thus justifying and requiring an award of punitive damages to be assessed against it in a sum that will deter it and others from such misconduct in the future.

WHEREFORE, Plaintiff David J. Blevens prays for judgment against Defendant Tricam for a fair and reasonable amount in excess of $75,000, for his costs herein incurred, for punitive damages, and for such other and further relief as this Court deems just and proper under the circumstances.

### COUNT V
### PRODUCT LIABILITY
### DEFENDANT WAL-MART

81.     Plaintiff incorporates the above allegations as though set forth herein.

82.     This claim is brought under the Indiana Product Liability Act.

83.     Defendant Wal-Mart marketed, sold, supplied, distributed, or otherwise placed into the stream of commerce the subject Lawn and Garden Cart, including the its wheel and tire assembly which is the subject of this lawsuit, in the normal course of business, in that:

   a.   Defendant exercised control over the distribution and sale of the subject Lawn and Garden Cart and its wheel and tire assembly and all of its components.

84.     At the time the subject Lawn and Garden Cart and its wheel and tire assembly and its components were sold and distributed by Defendant Wal-Mart, the subject Lawn and Garden Cart and its wheel and tire assembly and its components were then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use in that:

   a.   The subject wheel and tire assembly and its components were manufactured in such a manner to allow them to be inadequately and improperly affixed to each other, thereby permitting the component parts to disengage from each other with great violence and force;

b. The subject wheel and tire assembly and its components were manufactured without any protective guard to prevent sudden, violent, and explosive separation of the components;

c. The subject wheel and tire assembly and its components were manufactured, distributed, and/or sold without testing as to the propensity of the bolts and other component parts of the wheel to fail unexpectedly;

d. The subject wheel and tire assembly and its components were manufactured in such a manner as to rely solely on air pressure to hold the component pieces in position, thereby creating a dangerous pressurized vessel;

e. The subject wheel and tire assembly and its components were manufactured in such a manner that they improperly interlocked with and adhered to one another, allowing for their sudden and explosive separation;

f. Such other defects as the evidence reveals.

85.     At the time Defendant Wal-Mart sold the subject Lawn and Garden Cart and its wheel and tire assembly, and prior to February 26, 2016, Defendant knew of the defective and unreasonably dangerous condition of the wheel, specifically knew of the significant dangers posed by the possibility of explosive separation of the subject wheel and tire assembly, even when it was being used for its intended purpose.

86.     Despite knowledge of the hazards associated with the subject Lawn and Garden Cart and its wheel and tire assembly and the high probability that injury would occur, Defendant Wal-Mart placed the subject Lawn and Garden Cart and its wheel and tire assembly into the stream of commerce.

87.     At all relevant times, Plaintiff David J. Blevens was included in the class which Defendant Wal-Mart should have reasonably foreseen as being subject to harm resulting from the defective condition.

88.     At the time of his injuries, Plaintiff David J. Blevens was utilizing the subject Lawn and Garden Cart and its wheel and tire assembly in a manner reasonably anticipated by Defendant Wal-Mart.

89.     Defendant's Lawn and Garden Cart and its wheel and tire assembly reached Plaintiff David J. Blevens without substantial alteration in its condition.

90.     At the time the subject Lawn and Garden Cart and its wheel and tire assembly left the Defendant's control there existed an alternative design that was capable of preventing Plaintiff's injuries.

91.     The likelihood that the defective design of the subject Lawn and Garden Cart and its wheel and tire assembly would cause injury and damage, and the gravity of such foreseeable injuries and damages, outweighed any potential burden of adopting an alternative design, and any potential adverse effect of such alternative design on the utility of the product.

92.     The defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly was the direct and proximate cause of the explosive separation which injured Plaintiff David J. Blevens on February 26, 2016.

93.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David J. Blevens has become indebted for extensive reasonable and necessary medical care and treatment. He will continue to incur further medical expenses in the future.

94.    As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David Blevens' ability to labor and earn wages and income has been and will continue to be in the future lost, diminished, and/or impaired.

95.    The aforesaid misconduct of Defendant constituted a malicious, gross indifference and a willful, wanton and reckless disregard for the safety of the general public, including Plaintiff, thus justifying and requiring an award of punitive damages to be assessed against it in a sum that will deter it and others from such misconduct in the future.

WHEREFORE, Plaintiff David J. Blevens prays for judgment against Defendant Wal-Mart for a fair and reasonable amount in excess of $75,000, for his costs herein incurred, for punitive damages, and for such other and further relief as this Court deems just and proper under the circumstances.

**COUNT VI**
**NEGLIGENCE**
**DEFENDANT WAL-MART**

96.    Plaintiff incorporates the above allegations as though set forth herein.

97.    Defendant Wal-Mart marketed, sold, supplied, distributed, or otherwise placed into the stream of commerce the subject Lawn and Garden Cart, including the its wheel and tire assembly which is the subject of this lawsuit, in the normal course of business.

98.    Defendant Wal-Mart had a duty to exercise reasonable care in marketing, supplying, selling, or otherwise distributing and placing into the stream of commerce the subject Lawn and Garden Cart and its wheel and tire assembly that is the subject of this lawsuit.

99.    Defendant Wal-Mart had a duty to exercise reasonable care in providing adequate instructions for safe use of the subject Lawn and Garden Cart and its wheel and tire assembly as

well as to provide warnings to consumers or users of potential hazards associated with the Lawn and Garden Cart.

100.    Defendant failed to exercise ordinary care, thereby breaching their duty to Plaintiff David J. Blevens in one or more of the following ways:

a.  Defendant negligently and carelessly sold the wheel and tire assembly that was designed in such a way to allow the pieces to be inadequately affixed to one another, thereby allowing the components to disengage from each other with great force;

b.  Defendant negligently and carelessly sold the subject wheel and tire assembly without any type of guard to prevent sudden, violent, and explosive separation of its components;

c.  Defendant negligently and carelessly sold the wheel and tire assembly that was designed in such a way that they relied solely on air pressure to hold the component pieces in position, thereby creating a dangerous pressurized vessel;

d.  Defendant negligently and carelessly sold, distributed, or otherwise placed into the stream of commerce the dangerously defective wheel and tire assembly for use by the general public;

e.  Defendant negligently and carelessly failed to conduct adequate testing to determine whether the wheel and tire assembly had the propensity to explosively separate during its normal course of use;

f.  Defendant negligently and carelessly failed to adequately warn users of the hazards of the wheel and tire assembly mounted on the Lawn and Garden Cart and the extreme danger the subject wheel posed to its users;

g.  Defendant negligently and carelessly failed to properly instruct or direct users on the proper use of the Lawn and Garden Cart and its wheel and tire assembly;

h.  Defendant negligently and carelessly failed to recall the unreasonably dangerous defective wheel and tire assembly although they were aware of the hazards the wheel presented to consumers and to the general public;

i.  Defendant negligently and carelessly failed to present or employ methods to avoid or mitigate risks to consumers, or to protect consumers in any way from the dangers presented by the subject wheel and tire assembly; and

j.  Such further negligence as discovery may reveal.

101.    At all relevant times, Defendant Wal-Mart knew or should have known, by the use of ordinary care, of the above-mentioned dangerous conditions of the subject Lawn and Garden Cart and its wheel and tire assembly, and that death or serious bodily injury was substantially likely to occur.  At all relevant times herein, Plaintiff did not know, and by using ordinary care, could not have known of such dangerous conditions.

102.    Despite knowledge of the above described hazard associated with the subject Lawn and Garden Cart and its wheel and tire assembly and the substantial likelihood that the wheel and tire assembly would cause serious bodily harm or death, Defendant Wal-Mart placed the subject Lawn and Garden Cart and its wheel and tire assembly into the stream of commerce.

103.    At the time the subject wheel and tire assembly and its components left the Defendant's control there existed an alternative design that was capable of preventing Plaintiff's injuries.

104.    The likelihood that the defective design of the subject Lawn and Garden Cart and its wheel and tire assembly would cause injury and damage, and the gravity of such foreseeable

24

injuries and damages, outweighed any potential burden on Defendant of adopting an alternative design, and any potential adverse effect of such alternative design on the utility of the product.

105.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David J. Blevens has become indebted for extensive reasonable and necessary medical care and treatment. He will continue to incur further medical expenses in the future.

106.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David J. Blevens' ability to labor and earn wages and income has been and will continue to be in the future lost, diminished, and/or impaired.

107.     The aforesaid misconduct of Defendant constituted a malicious, gross indifference and a willful, wanton and reckless disregard for the safety of the general public, including Plaintiff, thus justifying and requiring an award of punitive damages to be assessed against it in a sum that will deter it and others from such misconduct in the future.

WHEREFORE, Plaintiff David J. Blevens prays for judgment against Defendant Wal-Mart for a fair and reasonable amount in excess of $75,000, for his costs herein incurred, for punitive damages, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VII
## PRODUCT LIABILITY
## DEFENDANT PRECISION PRODUCTS

108.     Plaintiff incorporates the above allegations as though set forth herein.

109.     This claim is brought under the Indiana Product Liability Act.

110. Defendant Precision Products designed, manufactured, assembled, marketed, sold, supplied, distributed, or otherwise placed into the stream of commerce the subject Lawn and Garden Cart, including the its wheel and tire assembly which is the subject of this lawsuit, in the normal course of business, in that:

    a. Defendant exercised control over the design, manufacture, assembly, construction, and quality of the subject Lawn and Garden Cart and its wheel and tire assembly along with all of its components;

    b. Defendant exercised control over the distribution and sale of the subject Lawn and Garden Cart and its wheel and tire assembly and all of its components.

111. At the time the subject Lawn and Garden Cart and its wheel and tire assembly and its components were sold and distributed by Defendant Precision Products, the subject Lawn and Garden Cart and its wheel and tire assembly and its components were then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use in that:

    c. The subject wheel and tire assembly and its components were manufactured by Defendant in such a manner to allow them to be inadequately and improperly affixed to each other, thereby permitting the component parts to disengage from each other with great violence and force;

    d. The subject wheel and tire assembly and its components were manufactured by Defendant without any protective guard to prevent sudden, violent, and explosive separation of the components;

    e. The subject wheel and tire assembly and its components were manufactured, distributed, and/or sold by Defendant without testing as to the propensity of the bolts and other component parts of the wheel to fail unexpectedly;

f.   The subject wheel and tire assembly and its components were manufactured by Defendant in such a manner as to rely solely on air pressure to hold the component pieces in position, thereby creating a dangerous pressurized vessel;

g.   The subject wheel and tire assembly and its components were manufactured by Defendant in such a manner that they improperly interlocked with and adhered to one another, allowing for their sudden and explosive separation;

h.   Such other defects as the evidence reveals.

112.   At the time Defendant Precision Products sold the subject Lawn and Garden Cart and its wheel and tire assembly, and prior to February 26, 2016, Defendant knew of the defective and unreasonably dangerous condition of the wheel, specifically knew of the significant dangers posed by the possibility of explosive separation of the subject wheel and tire assembly, even when it was being used for its intended purpose.

113.   Despite knowledge of the hazards associated with the subject Lawn and Garden Cart and its wheel and tire assembly and the high probability that injury would occur, Defendant Precision Products placed the subject Lawn and Garden Cart and its wheel and tire assembly into the stream of commerce.

114.   At all relevant times, Plaintiff David J. Blevens was included in the class which Defendant Precision Products should have reasonably foreseen as being subject to harm resulting from the defective condition.

115.   At no time did Defendant Precision Products issue a recall of the subject Lawn and Garden Cart or its wheel and tire assemblies they had designed, manufactured, distributed, and sold, although they knew of the propensity for the product to explosively separate, and were aware of the significant risks associated with such an explosion.

116.     At the time of his injuries, Plaintiff David J. Blevens was utilizing the subject Lawn and Garden Cart and its wheel and tire assembly in a manner reasonably anticipated by Defendant Precision Products.

117.     Defendant's Lawn and Garden Cart and its wheel and tire assembly reached Plaintiff David J. Blevens without substantial alteration in its condition.

118.     At the time the subject Lawn and Garden Cart and its wheel and tire assembly left the Defendant's control there existed an alternative design that was capable of preventing Plaintiff's injuries.

119.     The likelihood that the defective design of the subject Lawn and Garden Cart and its wheel and tire assembly would cause injury and damage, and the gravity of such foreseeable injuries and damages, outweighed any potential burden on Defendant of adopting an alternative design, and any potential adverse effect of such alternative design on the utility of the product.

120.     The defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly was the direct and proximate cause of the explosive separation which injured Plaintiff David J. Blevens on February 26, 2016.

121.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David J. Blevens has become indebted for extensive reasonable and necessary medical care and treatment. He will continue to incur further medical expenses in the future.

122.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David Blevens' ability to labor and earn wages and income has been and will continue to be in the future lost, diminished, and/or impaired.

123.     The aforesaid misconduct of Defendant constituted a malicious, gross indifference and a willful, wanton and reckless disregard for the safety of the general public, including Plaintiff, thus justifying and requiring an award of punitive damages to be assessed against it in a sum that will deter it and others from such misconduct in the future.

WHEREFORE, Plaintiff David J. Blevens prays for judgment against Defendant Precision Products for a fair and reasonable amount in excess of $75,000, for his costs herein incurred, for punitive damages, and for such other and further relief as this Court deems just and proper under the circumstances.

**COUNT VIII**
**NEGLIGENCE**
**DEFENDANT PRECISION PRODUCTS**

124.     Plaintiff incorporates the above allegations as though set forth herein.

125.     Defendant Precision Products designed, manufactured, assembled, marketed, sold, supplied, distributed, or otherwise placed into the stream of commerce the subject Lawn and Garden Cart, including the its wheel and tire assembly which is the subject of this lawsuit, in the normal course of business.

126.     Defendant Precision Products had a duty to exercise reasonable care in designing, manufacturing, marketing, supplying, selling, or otherwise distributing and placing into the stream of commerce the subject Lawn and Garden Cart and its wheel and tire assembly that is the subject of this lawsuit.

127.     Defendant Precision Products had a duty to exercise reasonable care in providing adequate instructions for safe use of the subject Lawn and Garden Cart and its wheel and tire assembly as well as to provide warnings to consumers or users of potential hazards associated with the Lawn and Garden Cart.

128.     Defendant failed to exercise ordinary care, thereby breaching their duty to

Plaintiff David J. Blevens in one or more of the following ways:

a.   Defendant negligently and carelessly designed the wheel and tire assembly in such a way to allow the pieces to be inadequately affixed to one another, thereby allowing the components to disengage from each other with great force;

b.   Defendant negligently and carelessly designed the subject wheel and tire assembly without any type of guard to prevent sudden, violent, and explosive separation of its components;

c.   Defendant negligently and carelessly designed the subject wheel and tire assembly in that they relied solely on air pressure to hold the component pieces in position, thereby creating a dangerous pressurized vessel;

d.   Defendant negligently and carelessly sold, distributed, or otherwise placed into the stream of commerce the dangerously defective wheel and tire assembly for use by the general public;

e.   Defendant negligently and carelessly failed to conduct adequate testing to determine whether the wheel and tire assembly had the propensity to explosively separate during its normal course of use;

f.   Defendant negligently and carelessly failed to adequately warn users of the hazards of the wheel and tire assembly mounted on the Lawn and Garden Cart and the extreme danger the subject wheel posed to its users;

g.   Defendant negligently and carelessly failed to properly instruct or direct users on the proper use of the Lawn and Garden Cart and its wheel and tire assembly;

h.  Defendant negligently and carelessly failed to recall the unreasonably dangerous defective wheel and tire assembly although they were aware of the hazards the wheel presented to consumers and to the general public;

i.  Defendant negligently and carelessly failed to present or employ methods to avoid or mitigate risks to consumers, or to protect consumers in any way from the dangers presented by the subject wheel and tire assembly; and

j.  Such further negligence as discovery may reveal.

129.    At all relevant times, Defendant Precision Products knew or should have known, by the use of ordinary care, of the above-mentioned dangerous conditions of the subject Lawn and Garden Cart and its wheel and tire assembly, and that death or serious bodily injury was substantially likely to occur.  At all relevant times herein, Plaintiff did not know, and by using ordinary care, could not have known of such dangerous conditions.

130.    Despite knowledge of the above described hazard associated with the subject Lawn and Garden Cart and its wheel and tire assembly and the substantial likelihood that the wheel and tire assembly would cause serious bodily harm or death, Defendant Precision Products placed the subject Lawn and Garden Cart and its wheel and tire assembly into the stream of commerce.

131.    At no time did Defendant Precision Products issue a recall of the subject Lawn and Garden Cart or its wheel and tire assemblies they had designed, manufactured, distributed, and sold, although they knew of the propensity for the product to explosively separate, and were aware of the significant risks associated with such an explosion.

132.     At the time the subject wheel and tire assembly and its components left the Defendant's control there existed an alternative design that was capable of preventing Plaintiff's injuries.

133.     The likelihood that the defective design of the subject Lawn and Garden Cart and its wheel and tire assembly would cause injury and damage, and the gravity of such foreseeable injuries and damages, outweighed any potential burden on Defendant of adopting an alternative design, and any potential adverse effect of such alternative design on the utility of the product.

134.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David J. Blevens has become indebted for extensive reasonable and necessary medical care and treatment. He will continue to incur further medical expenses in the future.

135.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David J. Blevens' ability to labor and earn wages and income has been and will continue to be in the future lost, diminished, and/or impaired.

136.     The aforesaid misconduct of Defendant constituted a malicious, gross indifference and a willful, wanton and reckless disregard for the safety of the general public, including Plaintiff, thus justifying and requiring an award of punitive damages to be assessed against it in a sum that will deter it and others from such misconduct in the future.

WHEREFORE, Plaintiff David J. Blevens prays for judgment against Defendant Precision Products for a fair and reasonable amount in excess of $75,000, for his costs herein incurred, for punitive damages, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT IX
## PRODUCT LIABILITY
## DEFENDANT GLEASON

137.     Plaintiff incorporates the above allegations as though set forth herein.

138.     This claim is brought under the Indiana Product Liability Act.

139.     Defendant Gleason designed, manufactured, assembled, marketed, sold, supplied, distributed, or otherwise placed into the stream of commerce the subject Lawn and Garden Cart, including the its wheel and tire assembly which is the subject of this lawsuit, in the normal course of business, in that:

   a.   Defendant exercised control over the design, manufacture, assembly, construction, and quality of the subject Lawn and Garden Cart and its wheel and tire assembly along with all of its components;

   b.   Defendant exercised control over the distribution and sale of the subject Lawn and Garden Cart and its wheel and tire assembly and all of its components.

140.     At the time the subject Lawn and Garden Cart and its wheel and tire assembly and its components were sold and distributed by Defendant Gleason, the subject Lawn and Garden Cart and its wheel and tire assembly and its components were then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use in that:

   a.   The subject wheel and tire assembly and its components were manufactured by Defendant in such a manner to allow them to be inadequately and improperly affixed to each other, thereby permitting the component parts to disengage from each other with great violence and force;

b. The subject wheel and tire assembly and its components were manufactured by Defendant without any protective guard to prevent sudden, violent, and explosive separation of the components;

c. The subject wheel and tire assembly and its components were manufactured, distributed, and/or sold by Defendant without testing as to the propensity of the bolts and other component parts of the wheel to fail unexpectedly;

d. The subject wheel and tire assembly and its components were manufactured by Defendant in such a manner as to rely solely on air pressure to hold the component pieces in position, thereby creating a dangerous pressurized vessel;

e. The subject wheel and tire assembly and its components were manufactured by Defendant in such a manner that they improperly interlocked with and adhered to one another, allowing for their sudden and explosive separation;

f. Such other defects as the evidence reveals.

141. At the time Defendant Gleason sold the subject Lawn and Garden Cart and its wheel and tire assembly, and prior to February 26, 2016, Defendant knew of the defective and unreasonably dangerous condition of the wheel, specifically knew of the significant dangers posed by the possibility of explosive separation of the subject wheel and tire assembly, even when it was being used for its intended purpose.

142. Despite knowledge of the hazards associated with the subject Lawn and Garden Cart and its wheel and tire assembly and the high probability that injury would occur, Defendant Gleason placed the subject Lawn and Garden Cart and its wheel and tire assembly into the stream of commerce.

143.    At all relevant times, Plaintiff David J. Blevens was included in the class which Defendant Gleason should have reasonably foreseen as being subject to harm resulting from the defective condition.

144.    At no time did Defendant Gleason issue a recall of the subject Lawn and Garden Cart or its wheel and tire assemblies they had designed, manufactured, distributed, and sold, although they knew of the propensity for the product to explosively separate, and were aware of the significant risks associated with such an explosion.

145.    At the time of his injuries, Plaintiff David J. Blevens was utilizing the subject Lawn and Garden Cart and its wheel and tire assembly in a manner reasonably anticipated by Defendant Gleason.

146.    Defendant's Lawn and Garden Cart and its wheel and tire assembly reached Plaintiff David J. Blevens without substantial alteration in its condition.

147.    At the time the subject Lawn and Garden Cart and its wheel and tire assembly left the Defendant's control there existed an alternative design that was capable of preventing Plaintiff's injuries.

148.    The likelihood that the defective design of the subject Lawn and Garden Cart and its wheel and tire assembly would cause injury and damage, and the gravity of such foreseeable injuries and damages, outweighed any potential burden on Defendant of adopting an alternative design, and any potential adverse effect of such alternative design on the utility of the product.

149.    The defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly was the direct and proximate cause of the explosive separation which injured Plaintiff David J. Blevens on February 26, 2016.

150. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David J. Blevens has become indebted for extensive reasonable and necessary medical care and treatment. He will continue to incur further medical expenses in the future.

151. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David Blevens' ability to labor and earn wages and income has been and will continue to be in the future lost, diminished, and/or impaired.

152. The aforesaid misconduct of Defendant constituted a malicious, gross indifference and a willful, wanton and reckless disregard for the safety of the general public, including Plaintiff, thus justifying and requiring an award of punitive damages to be assessed against it in a sum that will deter it and others from such misconduct in the future.

WHEREFORE, Plaintiff David J. Blevens prays for judgment against Defendant Gleason for a fair and reasonable amount in excess of $75,000, for his costs herein incurred, for punitive damages, and for such other and further relief as this Court deems just and proper under the circumstances.

**COUNT X**
**NEGLIGENCE**
**DEFENDANT GLEASON**

153. Plaintiff incorporates the above allegations as though set forth herein.

154. Defendant Gleason designed, manufactured, assembled, marketed, sold, supplied, distributed, or otherwise placed into the stream of commerce the subject Lawn and Garden Cart, including the its wheel and tire assembly which is the subject of this lawsuit, in the normal course of business.

155. Defendant Gleason had a duty to exercise reasonable care in designing, manufacturing, marketing, supplying, selling, or otherwise distributing and placing into the stream of commerce the subject Lawn and Garden Cart and its wheel and tire assembly that is the subject of this lawsuit.

156. Defendant Gleason had a duty to exercise reasonable care in providing adequate instructions for safe use of the subject Lawn and Garden Cart and its wheel and tire assembly as well as to provide warnings to consumers or users of potential hazards associated with the Lawn and Garden Cart.

157. Defendant failed to exercise ordinary care, thereby breaching their duty to Plaintiff David J. Blevens in one or more of the following ways:

 a. Defendant negligently and carelessly designed the wheel and tire assembly in such a way to allow the pieces to be inadequately affixed to one another, thereby allowing the components to disengage from each other with great force;

 b. Defendant negligently and carelessly designed the subject wheel and tire assembly without any type of guard to prevent sudden, violent, and explosive separation of its components;

 c. Defendant negligently and carelessly designed the subject wheel and tire assembly in that they relied solely on air pressure to hold the component pieces in position, thereby creating a dangerous pressurized vessel;

 d. Defendant negligently and carelessly sold, distributed, or otherwise placed into the stream of commerce the dangerously defective wheel and tire assembly for use by the general public;

e.  Defendant negligently and carelessly failed to conduct adequate testing to determine whether the wheel and tire assembly had the propensity to explosively separate during its normal course of use;

f.  Defendant negligently and carelessly failed to adequately warn users of the hazards of the wheel and tire assembly mounted on the Lawn and Garden Cart and the extreme danger the subject wheel posed to its users;

g.  Defendant negligently and carelessly failed to properly instruct or direct users on the proper use of the Lawn and Garden Cart and its wheel and tire assembly;

h.  Defendant negligently and carelessly failed to recall the unreasonably dangerous defective wheel and tire assembly although they were aware of the hazards the wheel presented to consumers and to the general public;

i.  Defendant negligently and carelessly failed to present or employ methods to avoid or mitigate risks to consumers, or to protect consumers in any way from the dangers presented by the subject wheel and tire assembly; and

j.  Such further negligence as discovery may reveal.

158.    At all relevant times, Defendant Gleason knew or should have known, by the use of ordinary care, of the above-mentioned dangerous conditions of the subject Lawn and Garden Cart and its wheel and tire assembly, and that death or serious bodily injury was substantially likely to occur.  At all relevant times herein, Plaintiff did not know, and by using ordinary care, could not have known of such dangerous conditions.

159.    Despite knowledge of the above described hazard associated with the subject Lawn and Garden Cart and its wheel and tire assembly and the substantial likelihood that the

wheel and tire assembly would cause serious bodily harm or death, Defendant Gleason placed the subject Lawn and Garden Cart and its wheel and tire assembly into the stream of commerce.

160.    At no time did Defendant Gleason issue a recall of the subject Lawn and Garden Cart or its wheel and tire assemblies they had designed, manufactured, distributed, and sold, although they knew of the propensity for the product to explosively separate, and were aware of the significant risks associated with such an explosion.

161.    At the time the subject wheel and tire assembly and its components left the Defendant's control there existed an alternative design that was capable of preventing Plaintiff's injuries.

162.    The likelihood that the defective design of the subject Lawn and Garden Cart and its wheel and tire assembly would cause injury and damage, and the gravity of such foreseeable injuries and damages, outweighed any potential burden on Defendant of adopting an alternative design, and any potential adverse effect of such alternative design on the utility of the product.

163.    As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David J. Blevens has become indebted for extensive reasonable and necessary medical care and treatment. He will continue to incur further medical expenses in the future.

164.    As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Lawn and Garden Cart and its wheel and tire assembly, Plaintiff David J. Blevens' ability to labor and earn wages and income has been and will continue to be in the future lost, diminished, and/or impaired.

165.    The aforesaid misconduct of Defendant constituted a malicious, gross indifference and a willful, wanton and reckless disregard for the safety of the general public, including

Plaintiff, thus justifying and requiring an award of punitive damages to be assessed against it in a sum that will deter it and others from such misconduct in the future.

WHEREFORE, Plaintiff David J. Blevens prays for judgment against Defendant Gleason for a fair and reasonable amount in excess of $75,000, for his costs herein incurred, for punitive damages, and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

**THE SIMON LAW FIRM, PC**

By:      */s/ Timothy M. Cronin*
John G. Simon, MO #35231 (Pro Hac)
Timothy M. Cronin, MO #63383 (Pro Hac)
John M. Simon, MO #68393 (Pro Hac)
800 Market Street, Suite 1700
St. Louis, Missouri  63101
jsimon@simonlawpc.com
tcronin@simonlawpc.com
jmsimon@simonlawpc.com
(314) 241-2929
(314) 241-2029 / Facsimile
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/  Timothy M. Cronin*